# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. CHILDERS,<br><br>                              Petitioner,<br><br>v.<br><br>LAURA ELDRIDGE, Warden,<br><br>                              Respondent. | Case No.:  3:19-cv-01779-H-RBM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE RE: RESPONDENT'S MOTION TO DISMISS**<br><br>**[Docs. 1, 7]** |

## I.    INTRODUCTION

On September 16, 2019, Petitioner Christopher M. Childers ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("the Petition") under 28 U.S.C. § 2254.  (Doc. 1.)  According to the Petition, Petitioner was convicted of the primary offense of carjacking in 2012 in the San Diego County Superior Court.  (*Id.* at 1 (citing San Diego Cnty. Super. Ct. Case No. SCD231261).)  Carjacking is a violent felony under California law.  CAL. PENAL CODE § 667.5(c)(17).  As outlined below, the California Department of Corrections and Rehabilitation ("CDCR") excluded violent felonies from California's Proposition 57 ("Prop 57") parole scheme.  CAL. CODE REGS. tit. 15, §§ 3490, 3490(c).  Petitioner challenges CDCR's regulation classifying carjacking as a violent felony, which excludes Petitioner from Prop 57 early parole consideration.  (Doc. 1 at 3.)

1

Before the Court are the underlying Petition and Respondent Laura Eldridge's ("Respondent") Motion to Dismiss the Petition ("Motion to Dismiss"). (Docs. 1, 7.) Petitioner did not file an opposition to the Motion to Dismiss. After a thorough review of the papers on file, the facts, and the applicable law, the undersigned respectfully recommends that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**.

## II.   BACKGROUND & PROCEDURAL HISTORY

Pursuant to *Bell Atl. Corp. v. Twombly*, the Court takes all material allegations from the Petition as true. *See* 550 U.S. 544, 555 (2007). The background and the underlying conviction, direct appeal, enactment of Prop 57, and resulting state habeas proceeding are outlined below.

### A.   Underlying Offense

In 2011, Roy Rodriguez was driving his vehicle on the highway. (Doc. 1 at 6.) Traffic slowed to a stop, and Rodriguez stopped his vehicle. (*Id.*) Rodriguez observed Petitioner walk toward his vehicle with a gun. (*Id.*) Petitioner pointed his gun at Rodriquez and told Rodriguez to "get out." (*Id.*) Rodriguez complied, and Petitioner drove off in the vehicle. (*Id.*) The following day, officers found the stolen vehicle, arrested Petitioner, searched the trunk of the vehicle, and recovered a nonfunctioning "replica .45 caliber Colt Commander" pistol. (*Id.* at 7, 15.)

### B.   Conviction

In 2012, a jury found Petitioner guilty of carjacking (CAL. PENAL CODE § 215) and unlawful possession of a firearm (CAL. PENAL CODE § 12021(a)(1)). (Doc. 1 app. 1, at 50.) The jury also found true that Petitioner personally used a handgun (CAL. PENAL CODE § 12022.53(b)). (*Id.*) Petitioner admitted a prior serious felony conviction (CAL. PENAL CODE § 667(a)(1)); a prior strike conviction (CAL. PENAL CODE §§ 667(b)-(i), 668, 1170.12); and a prior prison conviction (CAL. PENAL CODE § 667.5(b)). (*Id.* at 50-51.) The Court sentenced Petitioner to seventeen years in confinement, which included an out-on-bail enhancement for the carjacking. (*Id.* at 51.)

2

1

**C.     Direct Appeal**

In 2013, Petitioner appealed his conviction to the California Court of Appeal. (Doc. 1 at 2.)  The Court of Appeal affirmed in part, reversed in part, and remanded. (*See id.* at 21-23 (citing Cal. Ct. App. Case No. D062971).)  The Court of Appeal only reversed the out-on-bail enhancement portion of the sentence. (*Id.* at 22.)

**D.     Prop 57**

In 2016, California voters passed Prop 57 which added a provision to the California Constitution to read: "[a]ny person convicted of a *nonviolent felony offense* and sentenced to a state prison shall be eligible for parole consideration after completing the *full term for [their] primary offense*."  CAL. CONST. art. I, § 32, subd. (a)(1) (hereafter [§] 32(a)(1)) (emphasis added).  Section 32(a)(1)(A) defines "the full term for the primary offense" as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." *See In re Edwards*, 26 Cal. App. 5th 1181, 1184 (Cal. Ct. App. 2018).  Prop 57 authorized CDCR to promulgate California regulations clarifying that violent felonies are excluded from the parole scheme, wherein "violent felony" is defined in California Penal Code § 667.5(c). CAL. CODE REGS. tit. 15, §§ 3490, 3490(c).  Under California law, the crime of carjacking is classified as a violent felony. CAL. PENAL CODE § 667.5(c)(17).  CDCR implemented these regulations, and this is what Petitioner challenged in state habeas proceedings as well as in the instant case.

**E.     CDCR Appeals**

Petitioner submitted appeals to CDCR to review his parole eligibility. (Doc. 1 at 24-26.)  CDCR rejected all three of Petitioner's parole appeals. (*Id.*)  First, on January 7, 2019, CDCR rejected Petitioner's appeal for failing to support his "general allegation" with "facts or . . . an act or decision consistent with the allegation." (*Id.* at 24.)  Second, on January 17, 2019, CDCR rejected his appeal for being unripe. (*Id.* at 25.)  Third, on January 24, 2019, CDCR rejected his appeal for being outside its jurisdiction. (*Id.* at 26.)

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**F.    State Habeas Corpus Proceedings**

Petitioner filed a petition for writ of habeas corpus in California state court. (Doc. 1 at 3-4.)  In April 2019, the San Diego County Superior Court denied Petitioner's habeas petition. (Doc. 1 at 3; *see also* Doc. 1 app. 1, at 49-53.)  In Superior Court, Petitioner cited *Johnson v. United States*, arguing that his carjacking offense is a nonviolent offense for Prop 57 purposes.  (Doc. 1 at 3 (citing 559 U.S. 133 (2010).)

In May 2019, the California Court of Appeal denied Petitioner's habeas petition. (Doc. 1 app. 2, at 54-57.)  In August 2019, the Supreme Court of California denied Petitioner's habeas petition in an *en banc* decision without comment.  (Doc. 1 app. 3, at 58-59.)

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  The court must dismiss a cause of action that fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  All material allegations in the complaint, "even if doubtful in fact," are assumed true. *Twombly*, 550 U.S. at 555.  At the same time, however, allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

### IV.   DISCUSSION

Petitioner contends CDCR erred in classifying his carjacking offense as a violent felony and failing to consider him for early parole under Prop 57.  (Doc. 1 at 15.)  His entire argument is predicated upon *Johnson*.  (*See infra* Part IV.A.i.1. p. 6.)  Petitioner argues his carjacking offense does not have the requisite "physical force" to be considered a violent felony, as in *Johnson*.  (Doc. 1 at 15 (citing 559 U.S. at 140).)  Respondent counters that the Petition should be dismissed, because it fails to state a cognizable federal

4

1 | habeas corpus claim. (Doc. 7 at 1-4.) Respondent contends a challenge to a state entity's
2 | application of state law is not a federal issue. (*Id.* at 4-5.)

3 |     Analyzing the parties' arguments, the undersigned respectfully recommends the
4 | Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED**.

5 |     **A.**   **Federal Habeas Corpus Relief**

6 |     A prisoner is entitled to federal habeas relief only if he is held in custody in violation
7 | of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (2018); *see*
8 | *Wilson v. Corcoran*, 562 U.S. 1, 1-2 (2010) (per curiam).

9 |     The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244
10 | (2018), applies to federal habeas petitions filed after April 24, 1996. *Woodford v. Garceau*,
11 | 538 U.S. 202, 210 (2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997)). The
12 | Petition here was filed on September 16, 2019, thus, AEDPA applies. (Doc. 1); *see*
13 | *Woodford*, 538 U.S. at 204. Under AEDPA, a writ of habeas corpus shall not be granted
14 | on a claim adjudicated on the merits in state court unless the claim (1) "resulted in a
15 | decision that was contrary to, or involved an unreasonable application of, clearly
16 | established Federal Law" as determined by the Supreme Court; or (2) resulted in a decision
17 | "based on an unreasonable determination of the facts" considering evidence presented in
18 | state court. 28 U.S.C. §§ 2254(d)(1), (2).

19 |     Federal habeas relief is unavailable for state law errors. *Estelle v. McGuire*, 502
20 | U.S. 62, 67-68 (1991) (stating, "it is not the province of a federal habeas court to reexamine
21 | state-court determinations on state-law questions."); *Wilson*, 562 U.S. at 5. Moreover, a
22 | mere error of state law is not a denial of due process. *Swarthout v. Cooke*, 562 U.S. 216,
23 | 222 (2011) (internal citations omitted).

24 |     i.   <u>Analysis</u>

25 |     Here, Petitioner fails to state a cognizable federal habeas corpus claim, as he
26 | challenges CDCR's application of its own regulations and the laws of the state of
27 | California. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010). Moreover,
28 | Petitioner's requested relief is outside "the core of habeas corpus" relief, as success on the

1  merits of Petitioner's claim does not necessarily lead to a speedier release. *Nettles v.*
2  *Grounds*, 830 F.3d 922, 934 (9th Cir. 2016).

3                    1.    <u>Petitioner Failed to State a Cognizable Federal Habeas Claim</u>

4          If a petition raises only a violation of state law and no federal claim is presented,
5  then the petition is subject to dismissal for failure to state a claim. *See O'Bremski v. Maass*,
6  915 F.2d 418, 420 (9th Cir. 1990). Stated differently, a petition is not cognizable "where
7  the petitioner fails to allege a federal claim." *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir.
8  2017) (citing *Park v. Cal.*, 202 F.3d 1146, 1149-50 (9th Cir. 2000)). Unless arising to the
9  level of a due process violation, state law errors are not cognizable federal habeas claims.
10 *See Lewis v. Jeffers*, 497 U.S. 764, 781 (1990); *Rhoades*, 611 F.3d at 1142. "Habeas corpus
11 relief is 'unavailable for alleged error in the interpretation or application of state law.'"
12 *Windham v. Merkle*, 163 F.3d 1092, 1107 (9th Cir. 1998) (quoting *Middleton v. Cupp*, 768
13 F.2d 1083, 1085 (9th Cir. 1985)).

14         Petitioner cites *Johnson* to support his argument that carjacking is not a violent
15 felony, and at a minimum, it should be reclassified as a nonviolent felony. (Doc. 1 at 15-
16 16 (citing 559 U.S. 133).) Under this theory, Plaintiff contends he should be eligible for
17 early parole consideration under Prop 57. (Doc. 1 at 15-16.) In *Johnson*, the Court
18 analyzed the meaning of "physical force" in the Armed Career Criminal Act—a federal
19 statute—and whether the Florida felony offense of battery fit within that meaning.
20 *Johnson*, 559 U.S. at 138 (citing in 18 U.S.C. § 924(e)(2)(B)(i)). The Court held the Florida
21 felony offense of battery did not have an element of "physical force against another" to
22 constitute a violent felony under the Armed Career Criminal Act. *Johnson*, 559 U.S. at
23 135 (citing 18 U.S.C. § 924(e)(1)); *but see U.S. v. Davis*, 139 S. Ct. 2319, 2336 (2019)
24 (holding 18 U.S.C. § 924 unconstitutional). The Court found this issue a question of federal
25 law, not state law. *Johnson*, 559 U.S. at 138. Importantly, the Court defined "violent
26 felony" for purposes of federal law only. *Id.* at 140-41. The Court stated it was "not bound
27 by a state court's interpretation of a similar—or even identical—state statute." *See id.*

28

6

1    Here, Petitioner contends CDCR erred in its promulgation of early parole regulations
2    by failing to classify the carjacking offense as a nonviolent felony. (Doc. 1 at 15-16.) In
3    other words, Petitioner alleges a state agency erred in interpreting and applying his state
4    law criminal offense for purposes of an amendment to the California State Constitution,
5    i.e., Prop 57. (*Id.*) As such, the Petition alleges only a violation of state law. Without a
6    federal claim, the Petition fails to allege a cognizable federal habeas claim and is thus
7    subject to dismissal. *Clayton*, 868 F.3d at 845; *O'Bremski*, 915 F.2d at 420.

8                  2.    Relief Requested is Not within the Core of Habeas Corpus

9        "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not
10   be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983."
11   *Nettles*, 830 F.3d at 934. To fall within "the core of habeas corpus," success on the merits
12   must "necessarily lead to his immediate or earlier release from confinement . . . ." *Id.* at
13   935 (citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (stating, "when a prisoner's
14   claim would not necessarily spell speedier release, that claim does not lie at 'the core of
15   habeas corpus' . . . .")).

16       Here, Petitioner's claim does not fall within "the core of habeas corpus," because it
17   would not "necessarily lead to his immediate or earlier release" from state prison. *Nettles*,
18   830 F.3d at 934. Prop 57 only provides *parole consideration* once the prisoner serves "the
19   full term for [their] primary offense." CAL. CONST. art. I, § 32, subd. (a)(1). Even if
20   Petitioner succeeded on the merits, *early parole consideration* would not "necessarily lead
21   to his immediate or [early] release" from prison. *See Nettles*, 830 F.3d at 934. Early parole
22   review is not an automatic grant of parole: the parole board would still need to consider
23   "all relevant, reliable information" to determine "suitability for parole." *Id.* at 935. The
24   parole board could deny Petitioner parole "on the basis of any grounds presently available
25   to it." *See id.* Therefore, Petitioner's claim for relief, even if successful on the merits, is
26   outside "the core of habeas corpus." *Id.* at 934.

27       In sum, Petitioner failed to state a cognizable federal habeas corpus claim when he
28   challenged CDCR's application and interpretation of California state law. *Rhoades*, 611

7

1  F.3d at 1142; *Windham*, 163 F.3d at 1107.  Even still, the relief falls outside "the core of
2  habeas corpus" for not necessarily leading to Petitioner's immediate or earlier release from
3  confinement. *Nettles*, 830 F.3d at 935.  Thus, the Petition should be dismissed.

4                                   **V.    CONCLUSION**

5         For the reasons given, the Court respectfully recommends Respondent's Motion to
6  Dismiss be **GRANTED** thereby **DISMISSING** the Petition.

7         This Report and Recommendation is submitted to the United States District Judge
8  assigned to this case, under 28 U.S.C. § 636(b)(1), and Civil Local Rules 72.1(d) and HC.2
9  of the United States District Court for the Southern District of California.  Any party may
10  file written objections with the Court and serve a copy on all parties on or before **June 24,**
11  **2020**.  The document should be captioned "Objections to Report and Recommendation."
12  Any reply to the Objections shall be served and filed on or before **July 15, 2020**.  The
13  parties are advised that failure to file objections within the specific time may waive the
14  right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.
15  1991).

16         **IT IS SO ORDERED**.
17  DATE: June 3, 2020

                                        HON. RUTH BERMUDEZ MONTENEGRO
                                        UNITED STATES MAGISTRATE JUDGE

18
19
20
21
22
23
24
25
26
27
28

                                        8